UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAKEETA DONYEA TAYLOR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-10733 |
| VERDE ENERGY USA, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes SHAKEETA DONYEA TAYLOR ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of VERDE ENERGY USA, INC. ("Defendant"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 36 year old person residing at 4585 Provincetown Drive, Country Club Hills, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is an independent energy supplier which offers consumers renewable energy at competitive rates.[1] With its headquarters located at 101 Merritt 7, 2nd Floor, Norwalk, Connecticut, Defendant is a Delaware corporation that regularly conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In late October 2016, Plaintiff started receiving calls to her cellular phone, (219) XXX-5457. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5457. Plaintiff is and has always been financially responsible for the cellular phone and its services.

---

[1] https://www.verdeenergy.com/energy-supplier

11. The phone number that Defendant most often uses to call Plaintiff is (219) 697-3253. *See* Exhibit A.

12. Upon information and belief, the phone number ending in 3253 is regularly utilized by Defendant to make outgoing calls to consumers in Illinois it is soliciting for business.

13. Prior to receiving the calls, Plaintiff was not aware of Defendant or why it would be calling her. *Id.*

14. After speaking with Defendant, Plaintiff discovered that it was trying to solicit her to use it for energy services. *Id.*

15. Plaintiff is unaware of how Defendant got her information but she may have inadvertently given it her cellular phone number while on the internet. *Id.*

16. When Plaintiff answers calls from Defendant she experience a noticeable pause, approximately four second in length, before a live representative starts speaking. *Id.*

17. On at least four occasions, Plaintiff has told Defendant that she was not interested in its services and demanded that it stop calling. *Id.*

18. Despite her multiple pleas, Defendant continues to regularly call her cellular phone. *Id.*

19. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that she was not interested and to cease. *Id.*

20. For reference, on October 31, 2016 and November 9, 2016, Defendant called Plaintiff's cellular phone at least three different times each day. *Id.*

21. Plaintiff has received not less than 15 calls from Defendant after demanding that it stop contacting her. *Id.*

22. With the goal of ending Defendant's conduct, Plaintiff has purchased and maintained an application on her cellular phone to block the calls. *Id.*

23. Concerned over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

24. Plaintiff has suffered financial loss due to Defendant's actions.

25. Plaintiff has incurred charges and expenses that she would not have otherwise sustained if not for Defendant's calls, including the loss of cellular phone capacity.

26. Plaintiff has been unfairly harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The approximately four second pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of the variety generated by a predictive ATDS.

31. Defendant violated the TCPA by placing solicitation calls to Plaintiff's cellular phone using an ATDS without her consent. Prior to the calls, Plaintiff did not have any knowledge of Defendant. She does not recall ever giving it consent to call her cellular phone. However, even

4

if Plaintiff inadvertently granted Defendant permission to solicit her through means of an ATDS, such authorization was explicitly revoked on numerous occasions.

32. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SHAKEETA DONYEA TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

36. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

37. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she specifically requested that it no longer do so. Defendant ignored Plaintiff's multiple requests and continued to contact her, calling as many as three times during the same day. Defendant ignored Plaintiff's demands to cease its conduct and continued to solicit her for business.

39. Through its conduct, Defendant unfairly and deceptively represented to Plaintiff that it had the legal ability to call her through means of an ATDS.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As pled in paragraphs 21 through 27, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is also appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.

Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, SHAKEETA DONYEA TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 18, 2016

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com